THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY W. MILLER, | ) | CIVIL ACTION NO. 8:18-CV-259 |
| Plaintiff, | ) | |
| v. | ) | **AGREED PROTECTIVE ORDER** |
| UNION PACIFIC RAILWAY COMPANY<br>A Delaware Corporation, | ) | |
| Defendant. | ) | |

COME NOW the Plaintiff, Gary W. Miller, and Defendant, Union Pacific Railroad Company ("UP") and jointly move the Court to enter and approve their Agreed Protective Order regarding certain discovery materials sought from UP. In support of this Joint Motion, the Parties state as follows:

Plaintiff has filed this FELA action alleging that he sustained an injury while working as a locomotive engineer for UP on or about September 20, 2015. Plaintiff has requested the videos from the lead locomotive involved in his alleged incident.

The Parties in the above-captioned matter seek the Court's entry and approval of their Agreed Protective Order prohibiting the Plaintiff, Gary W. Miller, as well as his agents and representatives from (1) reproducing and disseminating the above-referenced videos onto the Internet or any other electronic outlet, and (2) reproducing and/or distributing the videos to any and all third parties outside of this case.

**THEREFORE, IT IS ORDERED** that the Parties' Joint Motion for the Court's entry and approval of their Agreed Protective Order is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff, Gary W. Miller, as well as his agents and representatives, shall adhere to and are hereby commanded to comply with all of the provisions of this Agreed Protective Order relating to production of the subject videos (i.e., DVR video a/k/a TIR); and specifically, they are commanded to comply with all of the following Terms and Conditions:

## TERMS AND CONDITIONS

1. The video from any locomotive camera concerning the accident involving Gary W. Miller shall not be disclosed, produced, or otherwise disseminated to anyone who is not involved in this case by Plaintiff, as well as any agents or representatives of the Plaintiff.

2. The Plaintiff, as well as any agents or representatives of the Plaintiff, shall not allow the subject videos to be disseminated to or on the Internet or any other electronic media.

3. The Plaintiff, as well as any agents or representatives of the Plaintiff, will ensure that if the subject videos are given to any employee of theirs or any outside expert, that these individuals will be advised of and provided a copy of this Agreed Protective Order and they shall not disseminate the subject videos on or to the Internet or any other outside electronic media nor shall they disclose, produce, or otherwise disseminate it to anyone who is not involved in this case.

4. The acceptance of the subject videos or copies of the same by any employee of or outside expert utilized by the Plaintiff, as well as any agents or representatives of the Plaintiff, constitutes their agreement and consent to be bound by the all of the provisions of this Agreed Protective Order, all of its specific Terms and Conditions.

5. That the termination of proceedings in this action shall not relieve any person to whom the videos have been disclosed from the obligations of this Protective Order and said videos will be destroyed/deleted or returned to Defendant at the conclusion of this case.

**IT IS ALL SO ORDERED** this 16th day of November, 2018.

BY THE COURT:

*Cheryl R. Zwart* (signature)
Cheryl R. Zwart,
United States Magistrate Judge

Agreed by:

*William Kvas* (signature)
William Kvas, #24930
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, MN 55391
Tel: (612) 339-4511
Fax: (612) 339-5150
E-Mail: wkvas@hlklaw.com

**ATTORNEYS FOR PLAINTIFF**

*William M. Lamson* (signature)
William M. Lamson, Jr., #12374
LAMSON, DUGAN and MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114-3743
Telephone: (402) 397-7300
Telefax: (402) 397-7824
wlamson@ldmlaw.com
eoconnor@ldmlaw.com

**ATTORNEYS FOR DEFENDANT**

678065